[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Valerie Jorrin's motion for contempt dated January 21, 1998 is denied. The defendant having failed to prove by a preponderance of the evidence that Plaintiff committed a contempt of any outstanding court order. The court notes that the judgment lien complained of is in error and orders plaintiff to correct the lien to reflect the accurate date of judgment. The court finds that Judge Susco ordered the payment of $8,000 June 23, 1993 payable in 60 days. The court also notes that as of the order of Judge Dranginis on April 23, 1997 almost 4 years had elapsed during which time nothing had been paid pursuant to Judge Susco's order. The court finds that the $200.00 monthly payments ordered by Judge Dranginis are current.
Defendant has also filed a Motion for Modification of Orders requesting essentially a modification of the judgment issued by Judge Susco in 1993. The defendant has not cited any authority for the modification of an assignment of property.
In Bunche v. Bunche, 180 Conn. 285, the Supreme Court ruled that Connecticut General Statute § 46b-86 specifically deprives the court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statute46b-81. Accordingly, the court has no authority to do so in this case.
The court has further reviewed the civil action CV 98-0075855 entitled Jorrin v. Jorrin, seeking to foreclose a certain mortgage on commercial property which property was assigned by the Court Susco, J. to the defendant in the original dissolution action of the parties in 1993. If defenses or motions are available to the defendant in that matter there is no indication that the defendant has exercised any election to file them in the CT Page 3904 foreclosure petition.
The Motion for Modification is denied.
KOCAY, J.